UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL VAKNIN & ABRAHAM VAKNIN,

                Plaintiffs,                25-cv-1245 (PKC)

    -against-                       ORDER

YANG GAO, HUI FANG, & SHIMEG HUANG,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction <u>sua sponte</u>.

        Plaintiffs Michael Vaknin and Abraham Vaknin bring this action invoking subject matter jurisdiction by reason of diversity of citizenship. Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between <u>citizens</u> of different states." 28 U.S.C. § 1332(a)(1) (emphasis added). An individual's citizenship is determined by their domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000) (internal citation omitted).

        Here, the Complaint fails to allege the citizenship of the parties. The Complaint merely states that the parties are residents of different states, alleging that plaintiffs are residents of New Jersey and defendants "upon information and belief" are residents of New York. (ECF 1 ¶¶ 4-7.) "As a threshold matter, residence alone is insufficient to establish domicile for

jurisdiction purposes." Van Buskirk v. United Group of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019).  Further, all adverse parties must be completely diverse.  Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001).  If both plaintiffs and defendants have parties that are an alien or foreign citizen of any country, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction.  See Universal Licensing Corp. v. Paolo del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [section 1332] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.").

      Within 14 days of the Order, plaintiffs shall serve limited interrogatories upon the defendants seeking their citizenships.  Plaintiffs shall amend their Complaint with the citizenship of all parties within 30 days or the action will be dismissed for lack of subject matter jurisdiction.

      SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
       February 13, 2025