

New York Financial District Headquarters
88 Pine Street, 18th Fl, New York, NY 10005
+1 347.897.6199

April 11, 2025

**Initial conference is adjourned from April 16, 2025 to June 30, 2025 at 10:30 a.m.  Call-In: 855-244-8681  Access Code: 2305 810 3970#.
SO ORDERED.
Dated:  4/18/2025**

Via ECF
Hon. P. Kevin Castel
United States District Court
500 Pearl Street
New York, NY 10007

P. Kevin Castel
United States District Judge

Re:   *Vaknin et al v. Gao et al*
      Case No.: 1:25-cv-01245-PKC

Dear Judge Castel:

    We represent the defendants in the above-referenced action.  We write in response to Plaintiffs' letter dated April 10, 2025 [Dkt. #17] and, pursuant to Your Honor's Individual Practices 1.C., respectfully request an adjournment of the initial pretrial conference currently scheduled for April 14, 2025.  We apologize for the late timing of this request, as the undersigned had been engaged in a jury trial in the Supreme Court of New York, Nassau County, from April 7, 2025 through April 10, 2025[1].

    The reason for our request is that Defendants intend to file a pre-answer motion to dismiss and to strike, and later assert a counterclaim. As such, we submit that holding the initial pretrial conference after Defendants have had an opportunity to respond to the Amended Complaint would be more productive. This is Defendants' first request for such an adjournment.  Plaintiffs do not consent to this request.

    Plaintiffs' letter dated April 10, 2025 contains a confounding misrepresentation that we must address.  In the letter, Plaintiffs' counsel asserts that "plaintiffs never requested that defendants waive service of the summons …" despite attaching direct evidence to the contrary. Specifically, page 3 of Exhibit 1 to Plaintiffs' letter [Dkt. #17-1] contains an email from Plaintiffs' counsel to the undersigned dated February 25, 2025, that states:

> "Thomas, [f]urther to our call just now, **please confirm by responding to this email that you will be representing defendants and that you accept service, via this email, of the attached summonses and the complaint, for each defendant**, as well as the Court's Order for Initial Pretrial Conference, and Plaintiffs' First Set of Interrogatories." (emphasis added)

---

[1] Plaintiffs' counsel was notified of the undersigned's unavailability during these dates by the undersigned's out of office message.



New York Financial District Headquarters
88 Pine Street, 18th Fl, New York, NY 10005
+1 347.897.6199

As clearly demonstrated by this email, Plaintiffs' counsel expressly requested Defendants to accept and waive service of the summons and complaint in writing[2]. Accepting Plaintiffs' request for a waiver and confirming the same, the undersigned filed a notice of appearance [Dkt. #14] and a waiver of service [Dkt. #15] via CM/ECF later that same day. As a result and pursuant to the waiver, Defendants' answer is now due on April 28, 2025. [Id.]

Plaintiffs' counsel later attempted to "reject" the waiver of service form. However, Defendants are not aware of any mechanism under the Federal Rules of Civil Procedure that permits a plaintiff to withdraw or reject an accepted waiver of service.

We regret having to bring this matter to the Court's attention and will endeavor to improve our communication with opposing counsel in the future.

Thank you for Your Honor's attention and consideration in this matter.

JIA LAW GROUP, P.C.

By:   */s/ Thomas Hsien Chih Kung*
      Thomas Hsien Chih Kung
      88 Pine Street, 18th Floor
      thomas.kung@jiaesq.com
      Tel.: (347) 897-6199
      *Attorneys for Defendants*

Cc:   All parties of record (via ECF)

---

[2] Page 3 of Dkt. 17-1 also contains an email from Plaintiffs' counsel dated February 12, 2025 requesting the undersigned to "accept service on behalf of" Defendants.